United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-40341
_____

PRISCILLA TAYLOR-ROGERS,

                                        Plaintiff - Appellant,

                        versus

ROBB & STUCKY, LTD.,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
USDC No. 4:01-CV-329
_____

Before GARWOOD, JOLLY, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Priscilla Taylor-Rogers, Plaintiff-Appellant, appeals the

district court's grant of summary judgment for Robb & Stucky, Ltd.,

Defendant-Appellee, and consequent dismissal of her sexual

harassment, retaliation, and intentional infliction of emotional

distress claims.

      Taylor-Rogers can establish a Title VII violation by producing

evidence that the alleged acts of sex discrimination created a

hostile or abusive work environment.  <u>Meritor Sav. Bank, FSB v.</u>

_____

      [*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

<u>Vinson</u>, 477 U.S. 57, 66 (1986).  Taylor-Rogers may establish a hostile work environment under Title VII by showing:

> (1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment (3) based upon sex, (4) which affected a term, condition, or privilege of her employment; and (5) that her employer knew, or should have known, of the harassment and failed to take prompt remedial action.

<u>Skidmore v. Precision Printing and Pkg., Inc.</u>, 188 F.3d 606, 615 (5th Cir. 1999).

The district court granted summary judgment and dismissed Taylor-Rogers' sexual harassment claim, concluding that Taylor-Rogers had not created a genuine issue of material fact as to whether the harassment was severe or pervasive and whether Robb & Stucky knew or should have known of the harassment.  We respectfully disagree.

Taylor-Rogers presented evidence that a co-employee, Ruggeri, (1) rubbed up against her on a daily basis, (2) simulated a sex act with her, (3) made sexually suggestive comments to her, (4) touched her, and (5) unbuttoned her blouse and touched her breast underneath her bra.  All of these acts occurred over a period of about six months.  This evidence is sufficient to create a genuine issue of material fact as to the severity and pervasiveness of the harassment.  FED. R. CIV. P. 56(c).

Taylor-Rogers similarly created a genuine issue of material fact as to whether Robb & Stucky knew of the harassment.  <u>Id.</u> Taylor-Rogers presented evidence that the harassment took place on

2

the showroom floor, in front of customers and management, and that she reported the harassment to the store's human resources representative.

For these reasons we REVERSE the district court's dismissal of Taylor-Rogers' sexual harassment claim and REMAND for further proceedings on that claim alone. In all other respects, including her discharge, the decision of the district court is AFFIRMED.

AFFIRMED in part, REVERSED and REMANDED in part.