IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-30443

TRAZILA PAUL

Plaintiff - Appellant

V.

NORTHROP GRUMMAN SHIP SYSTEMS

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-3766

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Trazila Paul brought this Title VII action against Northrop Grumman Ship Systems ("Northrop"), alleging that she was sexually harassed while employed by Northrop. Paul appeals the district court's grant of summary judgment in favor of Northrop. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

On May 10, 2006, Paul, a female, was employed by Northrop as a cableman. She was working on a new ship under construction in one of Northrop's shipyards, along with several other Northrop employees, including Corey Barattini. At that time, Barattini, a male, was employed as a line foreman in Northrop's electrical department; there was some debate in the proceedings below as to whether he had supervisory authority over Paul.

Paul alleges that, on that day, Barattini walked up to her until his chest was touching hers, thus "chesting up" to her breasts in a thirty-second confrontation. As Paul attempted to separate herself, he stared at her in a hostile and intimidating manner. Paul then walked away toward a narrow ship passageway, but Barattini followed her. He forced his way through the door ahead of her, and, in doing so, placed his hand on her stomach and ran his arm around her waist. As he squeezed past her in the passageway, he allegedly "rubbed his pelvic region across [her] hips and buttocks." According to Paul, the incident lasted a total of approximately a minute and a half, and occurred in the presence of another supervisor who did not intervene.

Northrop has provided an account of the subsequent events, which Paul does not dispute. Paul immediately reported the incident to her work leaderman and Union Steward. She was placed in a different office for the rest of the day so she would not have to interact with Barattini. The next day, Paul and her Union Steward notified Northrop's Labor Relations Department. Northrop promptly investigated the incident. During the investigation, Paul was referred to Northrop's Employee Assistance Program and was granted a request for an extended medical leave of absence. Based on its investigation, Northrop initially suspended Barattini on May 16, 2006, and later terminated him. Barattini filed

2

a complaint under Northrop's Dispute Resolution Procedure and was ultimately reinstated to his line foreman position without backpay.

In July 2007, Paul commenced this Title VII action, alleging sexual harassment and seeking lost wages due to disability, damages for continuing emotional distress and physical pain and suffering, punitive damages, and attorney's fees. Northrop filed a motion to dismiss or, in the alternative, motion for summary judgment, which the district court treated as a motion for summary judgment because Northrop had submitted materials outside the pleadings along with its motion. The district court granted summary judgment in favor of Northrop, holding that the alleged conduct was not sufficiently severe or pervasive to constitute an actionable Title VII claim for hostile work environment resulting from sexual harassment. Paul appeals.

## II. STANDARD OF REVIEW

"This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court." Condrey v. SunTrust Bank of Ga., 429 F.3d 556, 562 (5th Cir. 2005). On review of a grant of summary judgment, "[t]he evidence and inferences from the summary judgment record are viewed in the light most favorable to the nonmovant." Minter v. Great Am. Ins. Co. of N.Y., 423 F.3d 460, 465 (5th Cir. 2005). Typically, "[s]ummary judgment is proper when the pleadings and evidence demonstrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." Condrey, 429 F.3d at 562 (internal quotations omitted); see also FED. R. CIV. P. 56(c).

## III. DISCUSSION

An action for sexual harassment in violation of Title VII requires the plaintiff to demonstrate "that the harassment created a hostile or abusive working environment." Harvill v. Westward Commc'ns, L.L.C., 433 F.3d 428, 434 (5th Cir. 2005). This type of claim "embodies a series of criteria that express extremely insensitive conduct against women, conduct so egregious as to alter the conditions of employment and destroy their equal opportunity in the workplace." DeAngelis v. El Paso Mun. Police Officers Ass'n, 51 F.3d 591, 593 (5th Cir. 1995). To set forth a proper hostile work environment claim based on sexual harassment by a co-worker, a plaintiff must demonstrate that:

> (1) she is [a] member of a protected group; (2) she was the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of [her] employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action.

Harvill, 433 F.3d at 434 (internal quotation omitted).

However, this court has recognized that, following the Supreme Court's holdings in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775 (1998), only the first four elements need to be satisfied when the alleged harasser had supervisory authority over the employee. See Watts v. Kroger Co., 170 F.3d 505, 509 (5th Cir. 1999). In any event, the district court in the present case did not reach the applicability of the fifth element of the test because it held that, regardless of whether Barattini had supervisory authority over Paul, the alleged harassment did not affect "a term,

condition, or privilege of employment."[1]  Paul contends that this holding was error.

"To affect a term, condition, or privilege of employment, the harassment must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  Aryain, 534 F.3d at 479 (internal quotation and alterations omitted).  The alleged conduct "must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so."  Harvill, 433 F.3d at 434 (quotation omitted).  Further, it is examined under a "totality of the circumstances" test, which considers "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Id. (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993)).

Importantly, the "severe or pervasive" requirement "is stated in the disjunctive."  Lauderdale v. Tex. Dep't of Crim. Justice, 512 F.3d 157, 163 (5th Cir. 2007).  This court has therefore recognized that:

> [a]n egregious, yet isolated, incident can alter the terms, conditions, or privileges of employment and satisfy the fourth element

---

[1] For the same reason, the district court did not address the applicability of the Ellerth/Faragher affirmative defense.  Even where the alleged harasser had supervisory authority over the plaintiff, an employer is afforded an affirmative defense to claims of vicarious liability for sexual harassment, provided "no tangible employment action [was] taken against the aggrieved employee."  Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 479 n.3 (5th Cir. 2008).  "To satisfy the affirmative defense, the employer must show by a preponderance of the evidence: '(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.'"  Id. (quoting Ellerth, 524 U.S. at 765).

> necessary to constitute a hostile work environment. The inverse is also true: Frequent incidents of harassment, though not severe, can reach the level of pervasive, thereby altering the terms, conditions, or privileges of employment such that a hostile work environment exists. Thus, the required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct.

Id. (internal quotations and citations omitted). Accordingly, while an isolated incident—reflecting conduct that is not pervasive or frequent—may be sufficiently severe to constitute sexual harassment, it must be "extremely serious" in order to "amount to discriminatory changes in the 'terms and conditions of employment.'" Id. (quoting Faragher, 524 U.S. at 788). As this court recently noted, "[t]he determination of whether alleged conduct is sufficiently severe or pervasive is not an exact science, but this [c]ourt's decisions on this issue provide guidance." Gibson v. Potter, 264 F. App'x 397, 400 (5th Cir. 2008).

The type of non-consensual physical touching alleged by Paul was held to be actionable under Title VII only in cases where it was chronic and frequent. See McKinnis v. Crescent Guardian, Inc., 189 F. App'x 307, 310 (5th Cir. 2006) (holding that chronic unwanted touching, including touching on the breasts and thigh over a year-long period, repeated demands for "hugs and kisses," and other inappropriate behavior resulting in plaintiff's resignation, supported a hostile work environment claim); Harvill, 433 F.3d at 435–36 (holding that repeated unwanted fondling and rubbing of plaintiff's breasts and buttocks and unwanted kissing on the cheek over a seven-month period, despite her protests on every occasion, was sufficiently severe or pervasive). In these cases, the pervasiveness of the alleged conduct was sufficient to alter the terms or conditions of the

plaintiff's employment. By contrast, Paul's sexual harassment claim relies exclusively on a single confrontation with Barattini, which, according to her brief, lasted a total of approximately a minute and a half. We therefore agree with the district court's finding that Barattini's alleged conduct was clearly not pervasive,[2] and are left with the task of assessing its severity.

This circuit's case law reveals that isolated incidents may form the basis for a sexual harassment claim in cases where the alleged conduct was particularly egregious. See Taylor-Rogers v. Robb & Stucky, Ltd., 82 F. App'x 974, 975 (5th Cir. 2003) (evidence that a co-employee rubbed up against plaintiff on a daily basis, and had simulated a sex act with her, unbuttoned her blouse and touched her breast underneath her bra, was "sufficient to create a genuine issue of material fact as to the severity and pervasiveness of the harassment"). However, in circumstances where the alleged conduct was either similar, or more objectionable and frequent than, Barattini's, this court has held that non-pervasive conduct involving physical touching—including unwanted touching of intimate body parts—was not actionable under Title VII. See Gibson, 264 F. App'x at 398 (holding that conduct of supervisor who "grabbed [plaintiff] on the buttocks and made suggestive comments" while she was conversing with another employee was not "sufficiently severe or pervasive to alter a term or condition of [plaintiff's] employment"); Hockman v. Westward Commc'ns, LLC, 407 F.3d 317, 328 (5th Cir. 2004) (holding that sexually suggestive comments, slapping plaintiff on the behind with a newspaper, grabbing or brushing up against plaintiff's breasts and behind, and attempting to kiss plaintiff did not qualify as

---

[2] In addition, the district court's summary judgment order notes that counsel for Paul admitted during oral argument that the alleged conduct was not pervasive. Paul does not dispute having made such admission.

severe); Derouen v. Carquest Auto Parts, Inc., No. 01-30369, 2001 WL 1223628, at *1 (5th Cir. Sept. 24, 2001) (holding that plaintiff's allegations that co-worker attempted to grab her breast and later touched and rubbed her thigh, that customers made sexually threatening remarks, and that supervisors did not respond to her complaints about these incidents, did not support a hostile work environment claim).

Paul's claims are distinguishable from cases where the alleged conduct was sufficiently "severe or pervasive" to alter the terms or conditions of a plaintiff's employment. The facts in this case fall much closer to those in Gibson, Hockman, and Derouen, where this court held that isolated incidents involving similar intimate body touching did not rise to a sufficient level of severity. We therefore agree with the district court that, while Barattini's alleged conduct may have been "subjectively offensive" and evidently greatly upset Paul, it was not "objectively offensive" enough to amount to a change in the terms or conditions of Paul's employment. Accordingly, the district court properly held that Paul failed to raise a genuine issue of material fact to support her claim of hostile work environment.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.